# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| AHMAD RASHIDI, individually, ) <br> and ) <br> LOGISTIK SERVICE, a ) <br> Swedish Corporation ) <br>     Plaintiff, ) <br> v. ) <br> ) <br> ) <br> ) <br> PATRICIA RASHIDI, individually, ) <br> CARL DAUPHIN, individually, ) <br> and ) <br> GLOBAL INTER LOGISTICS, ) <br> LLC, ) <br>     Defendants. ) | Civil Case No.: _____ <br><br><br> **JURY TRIAL DEMAND** <br> **REQUESTED** |

_____

## COMPLAINT FOR DAMAGES

COMES NOW, Upon information and belief, Plaintiffs, by and through their attorney, file their Complaint for Damages against Defendants and hereby incorporate in its entirety the Plaintiffs' Complaint for Damages.

Plaintiffs, **AHMAD RASHIDI** ("Mr. Rashidi") and **LOGISTIK SERVICE, a Swedish Corporation** (hereinafter referred as "Plaintiffs" respectfully submit the following Complaint against Defendants, **PATRICIA**

1

**RASHIDI, individually** ("Patricia"), **CARL DAUPHIN**, **individually** ("Mr. Dauphin"), and **GLOBAL INTER LOGISTICS, LLC,** and allege as follows:

## INTRODUCTION

1. By this action, Plaintiffs seek to recover damages incurred as a result of Breach of Contract and other violations by the Defendants.

## BACKGROUND

2. Plaintiff is an international citizen with his address of residence being located in Stockholm, Sweden. Plaintiff owns Logistik Service, which is a Swedish based corporation.

3. Defendants are citizens of the United States with their principal business address being located in Fulton County, Georgia.

## THE PARTIES

4. Plaintiff, AHMAD RASHIDI, is a citizen of Stockholm, Sweden with his address of residence being, Lövgatan 48, 16932 Solna, Sweden. His corporation, LOGISTIK SERVICE, was incorporated in Sweden.

5. Defendant, PATRICIA RASHIDI, is a resident of Georgia and Organizer of Global Inter Logistics, LLC with her principal office address being 618 Cordell Drive, College Park, GA, 30349.

6. The Georgia Secretary of State's Articles of Organization listed Patricia Rashidi as an Organizer of Global Inter Logistics, LLC and she was a Member/Owner of this same LLC. (Please refer to the *Articles of Organization* entitled as Ex. A "Articles of Organization", as attached to this *Complaint for Damages*).

7. Defendant, CARL DAUPHIN, is a resident of Georgia.

8. The Georgia Secretary of State's Registrar lists Defendant, CARL DAUPHIN, as the Organizer of Global Inter Logistics, LLC. (*Id.*)

9. Carl Dauphin's principal office address being 618 Cordell Drive, College Park, GA, 30349

## JURISDICTION AND VENUE

10. This is an action for Breach of Contract and this Court has subject matter jurisdiction of this action as there is sufficient minimum contacts regarding the Agreement to give the Atlanta, Georgia United States District Courts general jurisdiction over this matter; under 28 USC § 1331 as it involves a federal question; and under 28 USC § 1332 as the action is between-citizens of different states, the amount in controversy in this action exclusive of interests and costs, exceeds the sum of one hundred seventy eight thousand dollars ($178,000.00).

11. This Court has personal jurisdiction over the Defendants. Defendants have conducted and do conduct business within the State of Georgia. Defendants,

directly or through intermediaries (including distributors, retailers, and others), imports, ships, distributes, offers for sale, and sells its business opportunities and services in the United States, the State of Georgia, and the Northern District of Georgia.

12. The claims arising under the laws of the State of Georgia and the common law claims are so related to claims arising under the laws of the United States.

13. Venue is proper in this district under 28 U.S.C. § 1391. and O.C.G.A. § 14-2-510, and the Georgia Constitution.

## FACTUAL BACKGROUND

1. AHMAD RASHIDI has entered into the Personal Payment Agreement Letter ("Agreement"), dated July 2, 2022, with the Defendants PATRICIA RASHIDI and CARL DAUPHIN for the development of Global Inter Logistics, LLC. A copy of the Agreement is attached hereto as Ex. B "Personal Payment Agreement Letter".

2. As per the above referenced written agreement, both the parties agreed to pay/receive the entirety of this loan by the due date of July 4, 2022.

3. Global Inter Logistics, LLC was a newly formed transportation and warehousing company located in Atlanta, Georgia, and both the parties agreed that

Mr. Rashidi will loan Patricia Rashidi one hundred seventy eight thousand dollars ($178,000.00) for the startup of Global Inter Logistics, LLC.

4. The objective of the loan between the parties was to develop the newly established company, Global Inter Logistics, LLC, through the above referenced loan. The team of Global Inter Logistics, LLC is based in Atlanta, Georgia, where the head office of Global Inter Logistics, LLC is located and where the aforesaid concerned logistic work is agreed to be executed.

5. Defendants contend that the loan that was received from Plaintiff went towards expenses such as: Auto Insurance, Gasoline, Worker's Compensation, Automobile Repair, Routine Auto Maintenance, Operation Space Rent, Vehicle Storage, Technological Equipment, Cellular Bill, Administration and Accounting, and Consultations.

6. Due to the fact that Defendants failed to make the agreed to payment of one hundred seventy eight thousand dollars ($178,000.00) on July 4, 2022, Plaintiff hired an Attorney that practices in his area of residence in Sweden.

7. In an email exchange with Plaintiff's local lawyer in Sweden on July 25, 2022, Patricia Rashidi agreed to pay Plaintiff the full loan amount in installment payments. Please refer to the email exchange attached as Ex. C "Settlement Agreement Dated July 25, 2022".

8. The installments would be as follows: August 1, 2022: $39,000.00 due, September 1, 2022: $35,000.00 due, October 1, 2022: $35,000.00 due, November 1, 2022 $35,000.00 due, and December 1, 2022: $35,000.00 due.

9. This email exchange constituted a contract and bound Defendant to those terms and agreements.

10. As per the payment plan above, no payments were received on any of the agreed upon dates.

11. Due to the fact that Defendants failed to make the agreed to payment of one hundred seventy eight thousand dollars ($178,000.00) on July 4, 2022, Plaintiff hired Attorney Sara Eslami to send a Demand Letter to Defendants demanding the repayment of the one hundred seventy eight thousand dollars ($178,000.00) as one last good faith effort to settle this matter prior to filing suit.

12. On August 10, 2022, a Demand Letter was sent to both Patricia Rashidi and Carl Dauphin. (Please refer to this Demand Letter attached as Ex. D "Demand Letter").

13. Defendant, Patricia Rashidi, contacted Attorney Sara Eslami on August 16, 2022 via email.

14. In this email from Defendant, she confirmed she would be repaying the loan in installments. (Please refer to these emails attached as Ex. E "Email dated August 16, 2022").

15. The first installment was to be paid on August 24, 2022 in the amount of thirty nine thousand five hundred dollars ($39,500.00).

16. The second installment was to be paid on August 25, 2022 in the amount of thirty nine thousand five hundred dollars ($39,500.00).

17. The third installment was to be paid on October 3, 2022 in the amount of eighty nine thousand dollars ($89,000.00).

18. A Settlement Agreement was then drafted and signed by Plaintiff and Defendant detailing the payment dates and amount to be paid on said dates. (Please refer to the Settlement Agreement labeled Ex. F "Settlement Agreement and Release").

19. To date, no payments have been received by Plaintiff from Defendants.

20. The actions of Defendants, in writing, orally, and through course of conduct, all create a legally binding Contract with the Plaintiff.

21. Due to the fact that Plaintiff has not been compensated for this loan as promised and agreed to through their written agreements, Defendants have violated O.C.G.A. § 113-6-14, Number Of Actions For Breach Of Contract as well as 15 U.S. Code § 80a–46 Validity Of Contracts.

22. The actions of Defendants, in writing, orally, course of conduct, all create a legally binding Contract with the Plaintiff.

23. Due to Defendants displaying fraudulent representations in promising to pay Plaintiff back knowing they did not have the intent to do so and thus using this fraudulent representation to entice Plaintiff in issuing the loan, they have violated O.C.G.A. § 51-6-2. When Misrepresentation of Material Fact Actionable as Deceit; Effect of Mere Concealment; Knowledge of Falsehood Essential to Deceit; When Knowledge Implied as well as 18 U.S. Code § 1001  Statements Or Entries Generally.

## **FIRST COUNT- BREACH OF CONTRACT**

1. Plaintiff repeats, re-allegse, and incorporates by reference the preceding paragraphs of this complaint, as though fully set forth herein.

2. Plaintiff and Defendants entered into a legally binding written agreement on  July 2, 2022.

3. This Agreement specified the repayment date would be July 4, 2022.

4. The loan was to be paid in its entirety on the above referenced date.

5. As of July 5, 2022, Plaintiff still had not been compensated for his loan as agreed to by the parties.

6. In a good faith effort to settle this matter outside of court, Plaintiffs hired a lawyer located in his place of residence in Sweden to help assist with this matter.

7. Plaintiffs and Defendants entered into another legally binding agreement on July 25, 2022 via an email transaction with Attorney Fatemeh Pakyari. (Please refer to Ex. C "Settlement Agreement Dated July 25, 2022").

8. The due dates for the repayments were as follows: August 1, 2022: $39,000.00 due, September 1, 2022: $35,000.00 due, October 1, 2022: $35,000.00 due, November 1, 2022 $35,000.00 due, and December 1, 2022: $35,000.00 due.

9. Defendants have failed to make any of the above listed payments on their due dates.

10. In yet another good faith attempt to resolve this matter, Plaintiffs sent a formal Demand Letter drafted by Attorney Eslami, the attorney located in the Defendants' place of business and residence.(Please refer to this Demand Letter attached as Ex. D "Demand Letter")

11. This Demand Letter resulted in yet another Settlement Agreement being put in place and signed by both Plaintiff Rashidi and Defendant Patricia Rashidi. (Please refer to the Settlement Agreement labeled Ex. F "Settlement Agreement and Release")

12. Neither the Settlement Agreement nor the Demand Letter were adhered to, leaving Defendants with the one hundred thousand seventy eight dollars ($178,000.00) loan still being owed to Plaintiffs.

13. Due to Defendants failing to make these payments as agreed to, Defendants have violated O.C.G.A. § 13-6-14. Number of Actions for Breach of Contract as well as 15 U.S. Code § 80a–46 Validity Of Contracts..

14. Plaintiff is entitled to one hundred thousand seventy eight dollars ($178,000.00) in damages due to Defendant's breach of this contract.

## SECOND COUNT (IN THE ALTERNATIVE TO COUNT I)

## UNJUST ENRICHMENT

15. Plaintiff repeats, re-alleges, and incorporates by reference the preceding paragraphs one(1) - fourteen (14) of this Complaint, as though fully set forth herein.

16. As stated in *Clark v. Aaron's, Inc.,* "While a party, indeed, cannot recover under both a breach of contract and unjust enrichment theory, a plaintiff may plead these claims in the alternative." *Clark v. Aaron's, Inc.*, 914 F.Supp.2d 1301, 1309 (N.D. Ga. 2012).

17. Plaintiff transferred this $178,000.00 loan to Defendants and Defendants contend that they have used the loan for expenses related to Auto Insurance, Gasoline, Worker's Compensation, Automobile Repair, Routine Auto

Maintenance, Operation Space Rent, Vehicle Storage, Technological Equipment, Cellular Bill, Administration and Accounting, and Consultations. However, this is questionable.

18. The loan given was used by Defendants and Global Inter Logistics, LLC, to unjustly enrich Defendants and gave a benefit that was conferred to Defendants themselves as well as their business.

19. All while leaving Plaintiff with no benefit of being compensated for the reasonable value of this generous loan as an implied promise that was given by Defendants to Plaintiff upon transfer of said loan.

20. Due to this Unjust Enrichment and benefit upon the Defendants, Defendants have violated O.C.G.A. § 9-2-7 Implied Promise to Pay for Services or Property as well as the federal counterpart.

**THIRD COUNT-FRAUD (FRAUDULENT INDUCEMENT)**

21. Plaintiff repeats, re-alleges, and incorporates by reference the preceding one (1) through nineteen (19) paragraphs of this Complaint, as though fully set forth herein.

22. Initially, Defendants had an oral agreement with Plaintiffs that Defendants would return the loan received from Plaintiffs.

11

23. Defendants knew this promise was fraudulent as they never intended to pay back this loan.

24. This fraudulent activity was conducted to willfully induce Plaintiffs to act and provide Defendants with the loan.

25. Plaintiffs then relied on the fraudulent misrepresentation that Defendants would pay back the loan and acted on this fraud by providing Defendants with said loan; thereby acting in Plaintiffs' injury.

26. Defendants, with the intent to further defraud Plaintiffs, purposely terminated Global Inter Logistics, LLC through the Georgia Secretary of State.

27. Due to Defendants' fraudulent misrepresentation, Plaintiff suffered a loss of one hundred seventy eight thousand dollars ($178,000.00) of which he is legally and rightfully entitled to, with nothing to show for it.

28. Due to Defendants using these fraudulent guarantees and terminating Global Inter Logistics, LLC, Defendants have violated O.C.G.A. § 51-6-2. When Misrepresentation of Material Fact Actionable as Deceit; Effect of Mere Concealment; Knowledge of Falsehood Essential to Deceit; When Knowledge Implied.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request that judgment be entered in its favor and against Defendants as follows:

A. The right to amend this Complaint for Damages as necessary.

B. Awarding Plaintiffs Ahmad Rashidi and Logistik Service and ordering Patricia Rashidi, Carl Dauphin, and Global Logistics, LLC to pay all damages resulting from Patricia Rashidi, Carl Dauphin, and Global Logistics, LLC's  Breach of the Contract, ; or,

C. Awarding damages to Plaintiffs Ahmad Rashidi and Logistik Service, resulting from the Unjust Enrichment by Patricia Rashidi, Carl Dauphin, and Global Logistics, LLC; and,

D. Awarding Plaintiffs Ahmad Rashidi and Logistik Service damages resulting from Fraudulent Inducement by the Patricia Rashidi, Carl Dauphin, and Global Logistics, LLC; and,

E. Disgorge Defendants of all profits unjustly earned; and,

F. Defendants be ordered to pay all of Plaintiffs' attorneys' fees and costs associated with its litigation; and,

G. For compensatory and punitive damages to be ordered against Defendants; and,

H. An order granting Plaintiffs such other and further relief as this Court may deem just and proper.

## JURY TRIAL

A JURY TRIAL IS DEMANDED.

## CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

## CERTIFICATE OF COMPLIANCE

The undersigned counsel certifies that the foregoing has been prepared in Times New Roman (14 point) font, as required by the courts in Local Rule 5.1.

Dated: October 17, 2022

Respectfully submitted by:

/s/Sara Eslami
Sara Eslami
***Attorney for Plaintiffs***

Law Office of Sara Eslami, LLC
3461 Lawrenceville-Suwanee Road
Suite D
Suwanee, Georgia 30024
Phone: (678) 758-4476
Fax:    (470) 326-5780
email: s.eslamilaw@gmail.com
Website: www.eslamilaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2022, I electronically filed this Entry of Appearance, Case Filing Cover Sheet, Complaint for Damages, Verification and Summons with the Clerk using the CM/ECF system.

I hereby certify that I have mailed by United States Postal Service the Entry of Appearance, Case Filing Cover Sheet, Complaint for Damages, Verification and Summons to the following non- CM/ECF participants:

Patricia Rashidi
Organizer for Global Inter Logistics, LLC
618 Cordell Drive
College Park, Georgia 30349


Carl Dauphin
Organizer and Registered Agent for

15

Global Inter Logistics, LLC
618 Cordell Drive
College Park, Georgia 30349


Respectfully submitted by:

/s/Sara Eslami
Sara Eslami
State Bar Number: 407541
***Attorney for Plaintiffs***

Law Office of Sara Eslami, LLC
3461 Lawrenceville-Suwanee Road
Suite D
Suwanee, Georgia 30024
Phone:(678) 758-4476
Fax:   (470) 326-5780
email: s.eslamilaw@gmail.com
Website: www.eslamilaw.com